UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
-------------------------------------------------------
:
HAKIM ABDULA-SHA HOYLE, : CASE NO. 1:14-CV-02816
:
Petitioner, :
:
vs. : OPINION & ORDER
: [Resolving Doc. No. 1]
STATE OF OHIO, :
:
Respondant. :
:
-------------------------------------------------------

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

*Pro se* Petitioner Hakim Abdula-Sha Hoyle filed this Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2254. Hoyle is currently incarcerated in the Richland County Jail, awaiting trial on charges of having a weapon under disability, carrying a concealed weapon, and receiving stolen property. He asserts four grounds for relief in his Petition: (1) the United States is an illegal defacto government; (2) the Fourteenth Amendment is defined in the Constitution Art. I, sec. 8 commercial bankruptcy clause in violation of ex post facto laws; (3) the United States courts are committing criminal acts by practicing denaturalization by certifying that the Petitioner's national origin of identity is that of a slave; and (4) "jurisdiction, subject matter jurisdiction, in personam jurisdiction, in rem jurisdiction, quasi in rem jurisdiction." For the reasons set forth below, the Petition is denied and this action is dismissed.

**I. Background**

The Petition is composed entirely of incomprehensible rhetoric. It appears from the attachments to the Petition that Mansfield Police Officers were summoned to 25 E. Arch Street in Mansfield on the report of an anonymous caller who indicated Petitioner had attempted to sell drugs to her. The Officers arriving on the scene spoke to Petitioner, noted he seemed agitated and indicated to him that they were going to pat him down for a weapon. At that point, Petitioner attempted to run away. The officers eventually utilized a tazer to bring him down. A handgun was recovered from the waistband of his pants. The officers discovered Petitioner had multiple felony convictions. He was indicted by a Richland County Grand Jury on charges of having a weapon under disability, carrying a concealed weapon, and receiving stolen property. He is currently in the Richland County Jail awaiting trial on those charges.

It is difficult to decipher the grounds he asserts or the relief he seeks. It appears he is asserting that the United States is practicing "denaturalization and slavery" by identifying him on the police report as a 38-year-old, 6 foot tall black male weighing 220 pounds. (Doc. No. 1 at 7). He asserts citizenship is defined in Article I, sec. 8 of the Constitution and the commercial bankruptcy clause which violates ex post facto laws. He contends his human rights have been violated because "it is scientifically false for the Petitioner of record to be a native to a corporation and it is legally invalid to have a human represented on public record by descriptions of his skin color as (black, colored, or negro) as his national identity of his country." (Doc. No. 1 at 7). He asserts the United States "practices denaturalization, steals his natural identity and enforces statutory commercial regulations in place of natural and common

law."  (Doc. No. 1 at 5).  He does not indicate what any of this has to do with his the charges currently pending against him, or the relief he seeks from this Petition.

## II.  Legal Standard

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), which amended 28 U.S.C. § 2254, was signed into law on April 24, 1996 and applies to habeas corpus petitions filed after that effective date. *Lindh v. Murphy*, 521 U.S. 320, 336 (1997); *see Woodford v. Garceau*, 538 U.S. 202, 210 (2003); *Barker v. Yukins*, 199 F.3d 867, 871 (6th Cir. 1999).  The AEDPA was enacted "to reduce delays in the execution of state and federal criminal sentences, and 'to further the principles of comity, finality, and federalism.'" *Woodford*, 538 U.S. at 206 (citing *Williams v. Taylor*, 529 U.S. 362, 436 (2000)).  Consistent with this goal, when reviewing an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court, a determination of a factual issue made by a State court shall be presumed to be correct. *Wilkins v. Timmerman-Cooper*, 512 F.3d 768, 774-76 (6th Cir. 2008).  The Petitioner has the burden of rebutting the presumption of correctness by clear and convincing evidence.  28 U.S.C. § 2254(e)(1).  A federal court, therefore, may not grant habeas relief on any claim that was adjudicated on the merits in any state court unless the adjudication of the claim either: "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d); *Wilkins*, 512 F.3d 768, 774 -76 (6th Cir. 2008).

A decision is contrary to clearly established law under §2254(d)(1) when it is "diametrically different, opposite in character or nature, or mutually opposed" to federal law as determined by the Supreme Court of the United States. *Williams v. Taylor*, 529 U.S. 362, 405 (2000). In order to have an "unreasonable application of ... clearly established Federal law," the state-court decision must be "objectively unreasonable," not merely erroneous or incorrect. *Id*. at 409. Furthermore, it must be contrary to holdings of the Supreme Court, as opposed to dicta. *Id.* at 415.

A state court's determination of fact will be unreasonable under §2254(d)(2) only if it represents a "clear factual error." *Wiggins v. Smith*, 539 U.S. 510, 528-29 (2003). In other words, a state court's determination of facts is unreasonable if its finding conflict with clear and convincing evidence to the contrary. *Id.* "This standard requires the federal courts to give considerable deference to state-court decisions." *Ferensic v. Birkett*, 501 F.3d 469, 472 (6th Cir.2007). AEDPA essentially requires federal courts to leave a state court judgment alone unless the judgment in place is "based on an error grave enough to be called 'unreasonable.'" *Herbert v. Billy*, 160 F.3d 1131, 1135 (6th Cir.1998).

### III. Procedural Barriers to Habeas Review

Before a federal court will review the merits of a petition for a writ of habeas corpus, a petitioner must overcome several procedural hurdles. Specifically, the petitioner must surmount the barriers of exhaustion, procedural default, and time limitation.

As a general rule, a state prisoner must exhaust all possible state remedies or have no remaining state remedies before a federal court will review a petition for a writ of habeas corpus.

28 U.S.C. § 2254(b) and (c); *see Baldwin v. Reese*, 541 U.S. 27 (2004). Exhaustion is fulfilled once a state supreme court provides a convicted defendant a full and fair opportunity to review his or her claims on the merits. *O'Sullivan v. Boerckel*, 526 U.S. 838 (1999); *Rust v. Zent*, 17 F.3d 155, 160 (6th Cir. 1994); *Manning v. Alexander*, 912 F.2d 878, 881 (6th Cir. 1990).

To be properly exhausted, each claim must have been "fairly presented" to the state courts. *See e.g. Wagner v. Smith*, 581 F.3d 410, 414 (6th Cir. 2009); *Frazier v. Huffman*, 343 F.3d 780, 797 (6th Cir. 2003). Fair presentation requires that the state courts be given the opportunity to see both the factual and legal basis for each claim. *Wagner*, 581 F.3d at 414. Specifically, in determining whether a petitioner "fairly presented" a federal constitutional claim to the state courts, courts should consider whether the Petitioner (1) phrased the federal claim in terms of the pertinent constitutional law or in terms sufficiently particular to allege a denial of the specific constitutional right in question; (2) relied upon federal cases employing the constitutional analysis in question; (3) relied upon state cases employing the federal constitutional analysis in question; or (4) alleged "facts well within the mainstream of [the pertinent] constitutional law." *See Hicks v. Straub,* 377 F.3d 538, 553 (6th Cir. 2004) (quoting *McMeans v. Brigano*, 228 F.3d 674, 681 (6th Cir. 2000)). For the claim to be exhausted, it must be presented to the state courts as a federal constitutional issue, not merely as an issue arising under state law. *Koontz v. Glossa*, 731 F.2d 365, 369 (6th Cir. 1984). Moreover, the claim must be presented to the state courts under the same legal theory in which it is later presented in federal court. *Wong v. Money*, 142 F.3d 313, 322 (6th Cir. 1998). It cannot rest on a legal theory which is separate and distinct from the one previously considered and rejected in state

-5-

court. *Id.* This does not mean that the applicant must recite "chapter and verse" of constitutional law, but the applicant is required to make a specific showing of the alleged claim. *Wagner,* 581 F.3d at 414.

The procedural default doctrine serves to bar review of federal claims that a state court has declined to address because the Petitioner did not comply with a state procedural requirement. *Wainwright v. Sykes*, 433 U.S. 72, 87 (1977). In these cases, the state judgment is not based on a resolution of federal constitutional law, but instead "rests on independent and adequate state procedural grounds." *Coleman v. Thompson*, 501 U.S. 722, 730 (1991). When the last explained state court decision rests upon procedural default as an "alternative ground," a federal district court is not required to reach the merits of a habeas petition. *McBee v. Abramajtys*, 929 F.2d 264, 265 (6th Cir.1991). In determining whether a state court has addressed the merits of a petitioner's claim, federal courts must rely upon the presumption that there is no independent and adequate state procedural grounds for a state court decision absent a clear statement to the contrary. *See Coleman*, 501 U.S. at 735.

Simply stated, a federal court may review only federal claims that were evaluated on the merits by a state court. Claims that were not so evaluated, either because they were never presented to the state courts (i.e., exhausted) or because they were not properly presented to the state courts (i.e., were procedurally defaulted), are generally not cognizable on federal habeas review.

## IV. Analysis

Petitioner does not provide a basis for habeas corpus relief. He does not present a claim

based upon the premise that he is being held in custody in violation of the United States Constitution, and he does not seeks habeas relief from this Court. At best, the claims he attempts to assert would be more properly brought in a civil rights action under 42 U.S.C. § 1983. The Court offers no opinion on the probable success of that action. This Petition, however, lacks merit on its face and is denied.

## V. Conclusion

Accordingly, the Petition for a Writ of Habeas Corpus is denied, this action is dismissed pursuant to Rule 4 of the Rules Governing Section 2254 Cases. Further, the Court CERTIFIES pursuant to 28 U.S.C. §1915(a)(3) that an appeal from this decision could not be taken in good faith, and there is no basis upon which to issue a certificate of appealability. 28 U.S.C. § 2253; Fed.R.App.P. 22(b).

IT IS SO ORDERED.


Dated: June 9, 2015            *s/            James S. Gwin*
                               JAMES S. GWIN
                               UNITED STATES DISTRICT JUDGE